# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARYLAND CASUALTY COMPANY,

    Plaintiff,

v.

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

    Defendant.

Case No. 2:11-CV-01671-KJD-RJJ

**ORDER**

    Before the Court is the Motion to Dismiss or Sever (#5) filed by Defendant National Fire and Marine Insurance Company. Plaintiff Maryland Casualty Company filed an Opposition and Countermotion Requesting Bifurcation and/or Appointment of a Special Master (## 8,9). Defendant filed a Reply and Response to the Countermotion (## 12,13) and Plaintiff filed a Reply in support of its Countermotion (#14). Defendant filed a supplement to its reply (#22).

I. Background

    This action originated in Assurance Co. of America v. National Fire & Marine Insurance Co., 2:10-cv-02182-RLH-GWF (D. Nev.) ("Assurance II"). In Assurance II seven plaintiffs, including Maryland Casualty Company, pursued nearly 200 causes of action arising out of 193 separate

insurance coverage disputes related to 75 different insureds and 163 unrelated construction defect or Chapter 40 proceedings across seven states.  Judge Roger L. Hunt ordered that all but the first named plaintiff in Assurance II be severed because the actions were improperly joined.  Judge Hunt noted that because each case was "based on different facts, different damage to different buildings or other construction projects at different times and in different places" allowing joinder "would make this case impossible to manage, or at least nearly so." (Assurance II Dkt. 39).  Judge Hunt went on to dismiss the operative complaint in Assurance II, because the plaintiff there failed to allege any "specific property damage, identify any particular National Fire insurance policies, identify the time periods of coverage in any alleged policies, or even claim that the property damage occurred during a National Fire policy period." (Assurance II Dkt. 54).

Here, Plaintiff seeks to pursue the claims that were severed from Assurance II.

II.  Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

statements, do not suffice. Id. at 1949.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed.  Twombly, 550 U.S. at 570.

III.  Discussion

    A.  Failure to State A Claim

    Plaintiff's claims arise out of insurance policies issued to 38 companies (the "Insureds"). These policies allegedly obligated Defendant to defend the Insureds in any suit in which damages were alleged "because of 'property damages' cased by an 'occurrence'" during the policy period. (Compl. at ¶ 6.) According to the Complaint, the Insureds were named as defendants in 72 unrelated lawsuits or Chapter 40 proceedings (the "Underlying Matters").

    Plaintiff asserts that "in each of the [Underlying Matters], claims were asserted, on information and belief, of damages because of 'property damage' to real property such that a coverage obligations [sic] existed under the NF Policies for the NF Insureds." (Compl. at ¶ 8.)  The Complaint states that each of the Underlying Matters was "tendered" to Defendant, but does not specifically state who made such a tender or when the alleged tender was made.  The Complaint also claims that Defendant disclaimed coverage in each of the Underlying Matters and that Plaintiff "incurred sums in connection with the defense and/or settlement of claims asserted in the Underlying Matters" which caused Plaintiff to pay "sums in excess of its equitable share."  (Compl at ¶¶ 11, 12.) The Complaint then seeks declaratory relief relating to each of the 72 Underlying Matters.  The Complaint contains no additional facts regarding the Underlying Matters including the specific

policies at issue, the time periods of coverage in the policies, or that the alleged property damage occurred during the policy period.

Even under the liberal standards of Fed. R. Civ. P. 8(a), the allegations of the Complaint are insufficient to show that Plaintiff is entitled to relief.  The Complaint simply fails to provide enough detail regarding the relevant property damage, policies, claims, and time periods.  Further, Plaintiff's claim that Plaintiff paid in excess of its equitable share is conclusory.  The deficiencies in the Complaint are such that the Court is well within its right to "insist upon some specificity before allowing a potentially massive factual record to proceed."  Twombly, 550 U.S. at 558.  Accordingly, the Motion to Dismiss is granted.

B.  Standing

Defendant asserts lack of standing as an alternative basis for dismissal of the Complaint.  An insurer plaintiff has standing to seek contribution from another insurer only where the insurers "insure the same insured and cover the same risk." Fireman's Fund Ins. Co. v. Maryland Cas. Co., 65 Cal.App.4th 1279, 77 Cal.Rptr.2d 296, 303 (Cal.Ct.App.1998); Low v. Golden Eagle Ins. Co., 101 Cal.App.4th 1354, 125 Cal.Rptr.2d 155, 162 (Cal.Ct.App.2002). Where different insurance carriers cover differing risks and liabilities, they cannot proceed against each other for reimbursement by way of a contribution cause of action. Reliance Nat'l Indem. Co. v. General Star Indem. Co., 72 Cal.App.4th 1063, 85 Cal.Rptr.2d 627, 635–36 (Cal.Ct.App.1999).

Plaintiff fails to provide specific facts alleging that Defendant "share[d] the same level of obligation on the risk as to the same insured[s]." Id. at 637. The Complaint lacks any well-pled allegations from which the Court could conclude that Plaintiff has standing since the Complaint is devoid of information about the specific policies at issue.  Accordingly, the Complaint fails to show that Plaintiff has standing to pursue claims against Defendant and dismissal is also appropriate on this ground.

C. Leave to Amend

Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, there is a general "policy to permit amendment with 'extreme liberality.'" Chodos v. West Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)). Accordingly, the Court will permit Plaintiff to amend its complaint. The Court strongly advises Plaintiff to cure the defects identified in this Order and to provide sufficient detail in its amended complaint to give the parties and the Court adequate notice of the nature and scope of the claims asserted. If Plaintiff wishes to amend its complaint, it should file an amended complaint on or before September 3, 2012.

D. Countermotion for Bifurcation and/or Appointment of a Special Master

Because the Court has granted the Motion to Dismiss, Plaintiff's Countermotion is Moot. Plaintiff may re-file this Motion if an amended complaint is filed.

III. Conclusion

**IT IS HEREBY ORDERED THAT** Defendant's Motion to Dismiss or Sever (#5) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiff's Opposition and Countermotion Requesting Bifurcation and/or Appointment of a Special Master (#9) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED THAT** Plaintiff shall have up to and including September 3, 2012 to file an amended complaint.

DATED this 3rd day of August 2012.

_____
Kent J. Dawson
United States District Judge

5