UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARYLAND CASUALTY COMPANY, | ) |
| | ) |
| Plaintiff, | ) 2:11-cv-001671-APG-NJK |
| | ) |
| vs. | ) |
| | ) |
| NATIONAL FIRE & MARINE INS. CO., | ) **O R D E R** |
| | ) |
| Defendant. | ) |

Before the Court is Plaintiff Maryland Casualty Company's Motion to Compel and Request for Entry of Scheduling Order (#47). The Court has reviewed the Plaintiff's Motion (#47), the Defendant's Response (#50), and the Plaintiff's Reply (#54).

Plaintiff Maryland requests that the Court compel Defendant National Fire to respond to written discovery and set pre-trial deadlines in accordance with the Discovery Plan previously filed at Docket No. 24.

**BACKGROUND**

The parties submitted a proposed discovery plan and scheduling order on January 24, 2012. Docket No. 24. On February 25, 2012, the Court stayed discovery pending the Court's ruling on the Defendant's Motion to Dismiss or Sever, Docket No. 5, and the Plaintiff's Motion for Bifuration, Docket No. 9. Docket No. 25. The Court stated that upon the lifting of the stay it would issue a discovery plan and scheduling order. *Id.*[1]

On August 3, 2012, the Court granted the Defendant's Motion to Dismiss or Sever and Denied the Plaintiff's Motion for Bifurcation. Docket No. 26. On February 22, 2013, Maryland

---

[1]This Order was entered by Magistrate Judge Robert Johnston. On January 7, 2013, this case was reassigned to Magistrate Judge Nancy Koppe.

1  propounded written discovery on National Fire. *See* Docket No. 47. National Fire has not
2  responded to the written discovery on the grounds that the stay has not been lifted and no
3  scheduling order has been entered by the Court. *Id*.

4  **DISCUSSION**

5  **I.   Preliminary Matters**

6      A.   <u>Stay</u>

7      The Court's Order entering the Stay stated that the stay would be lifted upon the Court's
8  ruling on the Defendant's Motion to Dismiss or Sever, Docket No. 5, and the Plaintiff's Motion
9  for Bifuration, Docket No. 9.  Docket No. 25.  Thus, when the Court granted the Defendant's
10 Motion to Dismiss or Sever and Denied the Plaintiff's Motion for Bifurcation, Docket No. 26, on
11 August 3, 2012, the stay was lifted. No further Court action was required to indicate the lifting of
12 the stay.

13     B.   <u>Scheduling Order</u>

14     The Court's February 25, 2012, Order staying discovery also stated that the Court would
15 enter a scheduling order once the stay was lifted. Docket No. 25. To date, no such order has been
16 entered. However, upon review of the proposed discovery plan and scheduling order filed on
17 January 24, 2012, and considering that both parties agree that a scheduling order is needed,[2] the
18 Court defers entering a scheduling order pending a joint request by the parties. The Court orders
19 the parties to meet and confer and submit a joint discovery plan and scheduling order by May 13,
20 2013.

21 **II.   Motion to Compel**

22     Maryland is correct that Fed. R. Civ. P. 26 entitles parties to discovery; however, Rule 26
23 also requires a discovery plan and scheduling order. As discussed above, no scheduling order has
24 been entered. Additionally, Mayland has not shown good cause for why discovery should occur
25 before the entering of a scheduling order. Therefore, the request to compel discovery is denied.
26 ...

27

28     [2]*See* Docket No. 47 and Docket No. 50 at 4.

**CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff Maryland Casualty Company's Motion to Compel and Request for Entry of Scheduling Order (#47) is DENIED;

IT IS FURTHER ORDERED that the parties are to submit a joint discovery plan and scheduling order by May 13, 2013.

DATED this __6th__ day of May, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge

- 3 -